IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

BERNADT V. BERNADT

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

DOUGLAS M. BERNADT, APPELLEE,

V.

ELVA BERNADT, APPELLANT.

Filed November 8, 2016.    No. A-16-404.

Appeal from the District Court for Johnson County: DANIEL E. BRYAN, JR., Judge. Affirmed.

Jill M. Abrahamson, of Abrahamson Law Office, for appellant.

Diane L. Merwin, of Fankhauser, Nelsen, Wertz, Ziskey & Merwin, P.C., L.L.O., for appellee.

INBODY and PIRTLE, Judges, and MCCORMACK, Retired Justice.

MCCORMACK, Retired Justice.

INTRODUCTION

Elva Bernadt appeals from the order of the Johnson County District Court which dissolved her marriage to Douglas M. Bernadt, divided the marital property, awarded custody of the parties' minor children to Douglas, calculated child support, and awarded Elva alimony and attorney fees. Elva's appeal focuses solely on the district court's decision to award Douglas primary legal and physical custody of the parties' two children. For the reasons explained below, we affirm the district court's decision to award Douglas custody of the children.

- 1 -

BACKGROUND

Elva and Douglas were married in 2003, and Douglas filed for dissolution of marriage in October 2014. During the marriage, the parties had two sons: Michael, born in January 2006, and Gabriel, born in January 2008. While the dissolution proceedings were pending, the district court entered a temporary order granting Elva and Douglas joint custody of the boys, such that each parent had physical possession of the children during alternating weeks. This custody arrangement began in November 2014 and lasted through the time of the dissolution trial in February 2016.

By the time of trial, the parties had entered into an agreement concerning the division of most of their marital property. Accordingly, the primary issues which remained for the court to decide were permanent custody of Michael and Gabriel; child support; alimony; and attorney fees. The evidence presented at trial, however, focused extensively on the issue of custody. As such, our recitation of the evidence presented at the trial also focuses on the issue of custody.

Both Elva and Douglas specifically and repeatedly requested that the district court not award them with joint custody, even though this had been the temporary custodial arrangement for over a year prior to trial. Elva and Douglas both testified that a permanent joint custody arrangement was not in the boys' best interests and that they each desired sole custody. In fact, Douglas told the court that he would rather risk Elva gaining full custody of the children rather than share custody with her any longer.

Elva testified that she has a good relationship with her sons and that she is involved in their education and with their medical needs. She testified that the boys enjoy themselves when they are at her home and that she spends time playing with them. She indicated that although there are seven people currently living in her home, both Michael and Gabriel have their own beds and their own space there. Elva also testified that while the dissolution proceedings were pending, the boys started acting differently around her. She indicated that she is concerned that Douglas is speaking negatively about her to Michael and Gabriel and that Douglas is talking about the specifics of the divorce with the boys. She believes that Douglas' behavior is the cause of any recent tension between herself and the children.

Evidence presented at the trial revealed that Elva is originally from Mexico and that Spanish is her primary language. Elva testified at trial that she has encouraged the boys to learn to speak Spanish by speaking to them primarily in Spanish. She also testified that she would like to take the boys to visit Mexico so that they can learn more about that country's culture. She indicated that during their marriage, Douglas never allowed the boys to travel to Mexico with her.

Elva testified that it is in the boys' best interests that she be awarded sole custody. She indicated that Douglas works a lot and does not have time for the boys and that he is not a good caregiver for them. Specifically, she testified that Douglas does not feed the boys "on time," does not bathe them on a regular basis, and permits them to engage in unsafe activities like operating farming vehicles and machinery and using firearms.

Douglas also testified about his relationship with the children and about the role he plays in their lives. Douglas indicated that he is extremely involved in the boys' education. He believed this involvement is necessary given that both of the boys struggle with learning disabilities. Douglas testified that he provides the boys with a stable, clean, and comfortable environment. He ensures that the boys eat properly, bathe regularly, attend church, and do their homework. Douglas

indicated that the boys regularly help him with the chores on the family farm and that they enjoy doing this kind of work.

Douglas testified that he has serious concerns with Elva having custody of the boys. He indicated that Elva only speaks Spanish to the boys even though they do not understand the language and even though both boys struggle with basic language and reading skills. Douglas also testified that he is very worried about Elva taking the boys to Mexico and never returning to the United States with them. He indicated that Elva has threatened such action on numerous occasions. In addition, he testified that he does not believe that it is safe for the boys to accompany Elva to Mexico due to safety concerns in the area where Elva's family resides.

Michael and Gabriel also testified during the trial over the objections of Elva. Each child spoke with the trial judge and the parties' attorneys outside the presence of Elva and Douglas. Both Michael and Gabriel testified that they did not like the temporary joint custody arrangement and that they wished to live with Douglas and to visit their mother "sometimes." Both boys indicated that they were more comfortable in Douglas' home and had more space there. They testified that at Elva's house they had to sleep on the floor and that the house was very dirty. In particular, both boys testified that the floor of Elva's house was covered in dog feces. They also both indicated that they did not like that Elva spoke Spanish to them when they did not understand the language. Both boys testified that they did not think that Elva loved them.

After the trial, the district court commented on the parties' unwillingness to agree to joint custody:

> I have two people here who are fit to raise their kids and, yet, they're both saying to me, you know what, I don't care if I lose custody, I'm going to roll the dice. That's fair if that's what you want to do and that's what you want to do. So you left me with a situation where somebody is going to walk out of here -- somebody is going to walk out of here not having custody of their child -- or children. And you know what, they'll have themselves to blame. They'll -- because when it comes down to it, I'm not going to tell you that you're better than him or he's better than you. No one has given me any evidence here, and so what happens is is I've got to look for the little things.

The court subsequently entered a decree of dissolution which awarded primary legal and physical custody of the boys to Douglas and which awarded Elva parenting time with the children every other weekend. Elva was ordered to pay $653 per month in child support. Douglas was ordered to pay $2,500 towards Elva's attorney fees and to pay Elva alimony in the amount of $500 per month for 6 months.

Elva appeals from the decree of dissolution.

## ASSIGNMENTS OF ERROR

In her brief on appeal, Elva has failed to present any assignments of error. Specifically, her brief does not contain any separate section setting forth assignments of error. Rather, her brief includes in headings within the "Argument" section of the brief assertions that the district court committed error in awarding Douglas primary legal and physical custody of the children, and in not awarding her primary legal and physical custody or awarding the parties joint custody.

- 3 -

The Nebraska Supreme Court has repeatedly emphasized that Neb. Ct. R. App. P. § 2-109(D)(1) requires a party to set forth assignments of error in a separate section of the brief, with an appropriate heading, following the statement of the case and preceding the propositions of law, and to include in the assignments of error section a separate and concise statement of each error the party contends was made by the trial court. See, *In re Interest of Samantha L. & Jasmine L.*, 286 Neb. 778, 839 N.W.2d 265 (2013); *In re Interest of Jamyia M.*, 281 Neb. 964, 800 N.W.2d 259 (2011). The court has also emphasized that "headings in the argument section of a brief do not satisfy the requirements of Neb. Ct. R. App. P. § 2-109(D)(1)." *In re Interest of Samantha L. & Jasmine L.*, 286 Neb. at 783, 839 N.W.2d at 269-70. See, also, *In re Interest of Jamyia M.*, *supra*.

## STANDARD OF REVIEW

An appellate court's review in an action for dissolution of marriage is de novo on the record to determine whether there has been an abuse of discretion by the trial judge. *Pohlmann v. Pohlmann*, 20 Neb. App. 290, 824 N.W.2d 63 (2012). This standard of review applies to the trial court's determinations regarding custody, child support, division of property, and alimony. *Id.*

However, in this case, Elva's brief does not contain any assignments of error. An appellate court ordinarily considers only those errors assigned and discussed in the briefs, but may, at its option, notice plain error. See, *Connelly v. City of Omaha*, 284 Neb. 131, 816 N.W.2d 742 (2012). Plain error is error plainly evident from the record and of such a nature that to leave it uncorrected would result in damage to the integrity, reputation, or fairness of the judicial process. *Connelly, supra*.

## ANALYSIS

Because Elva has failed to assign any errors in her brief, we review the decree of dissolution entered by the district court for plain error. In particular, we focus on the district court's decision concerning custody of the parties' minor children, as this was the primary issue in contention during the dissolution proceedings. And, after reviewing the court's decision to award legal and physical custody of the children to Douglas, we do not find plain error.

When deciding custody issues, the court's paramount concern is the children's best interests. *Citta v. Facka*, 19 Neb. App. 736, 812 N.W.2d 917 (2012). Neb. Rev. Stat. § 43-2923(6) (Cum. Supp. 2014), in pertinent part, requires a court, in determining custody, to consider the following factors relevant to the children's best interests:

> (a) The relationship of the minor child to each parent prior to the commencement of the action or any subsequent hearing;
> (b) The desires and wishes of the minor child, if of an age of comprehension but regardless of chronological age, when such desires and wishes are based on sound reasoning; [and]
> (c) The general health, welfare, and social behavior of the minor child.

Other pertinent factors include the moral fitness of the child's parents, including sexual conduct; respective environments offered by each parent; the age, sex, and health of the child and parents; the effect on the child as a result of continuing or disrupting an existing relationship; the attitude

and stability of each parent's character; and parental capacity to provide physical care and satisfy educational needs of the child. *Robb v. Robb*, 268 Neb. 694, 687 N.W.2d 195 (2004).

Evidence presented at trial supports the district court's decision to award Douglas with sole custody of Michael and Gabriel. Such evidence demonstrated that Douglas is actively involved in the lives of his sons and that he and the boys share a very strong bond. Douglas is greatly involved in the boys' education and has worked with their school to ensure that Michael and Gabriel are excelling despite their learning disabilities. In addition, Douglas spends a great deal of time with the boys before and after school, including, working with them on the family farm, helping them with their homework, and taking them to church. Both Michael and Gabriel testified that they wanted to live with Douglas and that they felt very comfortable in his home. Neither child expressed any concern about their time with Douglas.

We recognize that Elva did testify about concerns that she had with Douglas' parenting abilities and style. Specifically, she testified that Douglas does not have enough time for the boys; that he does not properly feed or bathe them; and that he permits them to operate farm machinery despite safety concerns. Elva's testimony directly conflicted with Douglas' testimony about his care giving and with the boys' testimony that they are happy and comfortable in Douglas' home. Given the district court's decision to award Douglas custody of the boys, it presumably did not find Elva's testimony about Douglas' parenting shortcomings to be credible. As we have often stated, in child custody cases, where the credible evidence is in conflict on a material issue of fact, the appellate court considers, and may give weight to, the fact that the trial judge heard and observed the witnesses and accepted one version of the facts rather than another. *Schrag v. Spear*, 290 Neb. 98, 858 N.W.2d 865 (2015). Accordingly, we give deference to the district court's apparent finding that Elva's testimony was not credible.

We also recognize that there was evidence presented at the trial which would have supported a decision to award Elva custody of Michael and Gabriel. She testified that she was an involved parent who loved her children very much. However, because both Elva and Douglas were adamant that joint custody was not a workable custodial option, the court's only viable option was to award sole custody to either Elva or Douglas. Given all of the evidence presented at the trial, the court did not commit plain error when it chose to award sole legal and physical custody to Douglas. In fact, given the evidence presented, even if Elva had properly assigned as error the district court's decision to award sole custody to Douglas, we could not find such decision to be an abuse of discretion.

CONCLUSION

Having reviewed the record for plain error and finding none, we affirm the decision of the district court to award legal and physical custody of the parties' two children to Douglas.

AFFIRMED.